## H. C. BROWN, APPELLANT, v. GEORGE D. ROBERTS, RESPONDENT.

In the year 1861, one Orvis located a ten acre tract of land near Gold Hill, in the County of Storey, built a small house thereon, placed stakes around the entire tract, dug and walled up a spring thereon, and resided upon the premises until the conveyance to plaintiff. Before this conveyance the grantors of defendant entered on the premises, with the consent of Orvis, erected a small toll-house thereon near the spring, and continued to use and occupy it as a toll-house until the bringing of this action. Immediately after the conveyance to plaintiff, he fenced the entire tract and built a house and saloon thereon. After all this work had been done by plaintiff, the defendant fenced in a portion of the premises, about one hundred feet square, which included the toll-house and the spring, claiming it adversely to plaintiff. Held that plaintiff was entitled to the possession of the entire ten acre tract except that upon which the toll-house stood. Held, also, that even if plaintiff had acquired no title whatever from his grantor, that his own acts of improvement were sufficient to entitle him to the possession of the premises, except that portion actually occupied by the house of defendant.

APPEAL from the District Court of the First Judicial District, State of Nevada, Storey County, Hon. RICHARD RISING presiding.

The facts appear in the opinion of the Court.

*Hillyer & Whitman*, Attorneys for Appellant.

That portion of the charge of the Court which referred to a supposed consent on the part of plaintiff's grantor to the occupancy of the land in controversy was calculated to mislead the jury, as there was no evidence tending to make such proof.

The Court erred in excluding the proffered evidence of local custom. (*Plume* v. *Seward*, 4 Cal. 94.)

The verdict of the jury should have been in favor of plaintiff; if not in whole, then in part; and plaintiff should have recovered all of the demanded land save that actually occupied by defendant's house ; his actual possession, and the extension thereof by his deed, was sufficient for that. (*Ellicot* v. *Pearl*, 10 Peters, 412.)

The evidence in the case showed that defendant claimed the demanded premises only as a toll-house and place for the collection of tolls, and also showed that the place occupied by them was in violation of the statutes granting the franchise, and therefore all right to such possession was shown out of them. (Statutes of Nevada, 1862, p. 23.)

*Taylor & Campbell*, for Respondent.

No brief on file.

Opinion by LEWIS, C. J., full Bench concurring.

Ejectment to recover a piece of land located on American Flat, in the county of Storey. It appears from the evidence that the premises in dispute were a small portion of a ten acre tract located by one Orvis, in the year 1861. About the time of the location he built a small house upon the ground, placed stakes around the entire tract, dug out and walled up a spring thereon, and resided upon the premises from that time until the conveyance to the plaintiff. Immediately after the conveyance to him the plaintiff built a fence around the ten acres, and erected a dwelling house and saloon within the inclosure. It appears that in July, A. D. 1863, and before the conveyance to plaintiff, the grantors of defendant erected a small toll-house on the premises, near the spring, and continued to occupy it for that purpose, apparently by the permission of Orvis, plaintiff's grantor.

After the conveyance to plaintiff, and after he had built his house and saloon and inclosed the land, defendant laid claim to a portion of the ten acres about one hundred feet square, which included the spring and the toll-house, and fenced the

same. This action is brought to recover the small lot of land thus inclosed by defendant. Verdict for defendant; plaintiff appeals.

There seems to have been some evidence before the jury from which it might be inferred that defendant and his grantors acquired a right or license from Orvis to build the toll-house in question on the premises, and the plaintiff seems to have purchased subject to that right; but there appears to be no testimony from which it would be inferred that anything more was granted than the bare right to build and occupy a toll-house. It is only necessary, therefore, to inquire whether the plaintiff had such a possession of the ten acre tract as is required by the law at the time the defendant began to inclose the lot in dispute. Whether the plaintiff's deed extended his possession to the boundaries described therein need not be determined in this action, for we think it is clearly shown that the plaintiff had acquired actual possession of the entire tract (except that actually occupied by the toll-house) by his inclosure and residence thereon before the defendant indicated his intention to claim anything more than the right to the toll-house. Prior to the inclosure by the plaintiff, the defendant seems never to have claimed any other right; he had done nothing—neither fenced, surveyed, driven stakes, nor in any manner manifested an intention to claim any land beyond that upon which his building stood.

Neither the character of the building nor the purpose for which it was erected is such as would lead any one to suppose that any land except that which was covered by it, and an access to the road if it is not directly on it, was necessary to its complete enjoyment.

At the time the plaintiff purchased there he had good reason to believe that defendant claimed nothing but the house, and perhaps the land which it covered. If it were admitted, then, that the plaintiff acquired no title whatever from his grantor, his own acts were amply sufficient to give him title against defendant, who had done nothing towards making a claim until after the plaintiff had perfected his.

The defendant may possibly be entitled to the land upon which the toll-house and any other building which was erected

at the time of the plaintiff's purchase stand, but he has not shown sufficient to enable him to retain more than that.

The judgment of the Court below is reversed and new trial ordered.